QUESTION: What constitutes "law enforcement education" for the purposes of receiving funds raised by operation of s. 23.105, F. S.?
SUMMARY: Local police training and education programs should be submitted to the Police Standards Board for approval under minimum standards set by the board for training police officers in order to be lawfully funded from assessments authorized under s. 23.105, F.S., for law enforcement education expenditures. Section 23.105, F.S., provides: Municipalities and counties may assess an additional one dollar as aforesaid [see s. 23.103, F.S.] for law enforcement education expenditures for their respective law enforcement officers. (Emphasis supplied.) It seems clear, as noted in your inquiry, that the words "education" and "training" have similar, if not identical, meanings. In AGO 073-284 it was stated: "`Education' has been defined as the `acquisition of all knowledge tending to train and develop the individual' — Mitchell v. Reeves, 196 A. 785, 15 A.L.R. 114." (Emphasis supplied.) In this connection, it is important to recognize the powers of the Police Standards Board provided in Part IV of Ch. 23, F.S., ss. 23.061 through 23.078. Section 23.067 authorizes the board to exercise special powers in connection with the employment and training of police officers: (1) Establish uniform minimum standards for the employment and training of police officers including qualifications and requirements as may be established by the board subject to specific provisions which are contained in this act. * * * * * (3) Establish minimum curricular requirements for schools operated by or for any municipality, this state, or any political subdivision thereof for the specific purpose of training police recruits or police officers. (4) Consult and cooperate with municipalities, this state, or any political subdivision thereof and with universities, colleges, community colleges and other educational institutions concerning the development of police training schools and programs or courses of instruction including, but not necessarily limited to, education and training in the areas of police science, police administration and all allied and supporting fields. (5) Approve institutions and facilities for school operation by or for any municipality, this state, or any political subdivision thereof for the specific purpose of training police officers and police recruits. * * * * *
(7) Make or encourage studies on any aspect of police education and training or recruitment. (8) Make recommendations concerning any matter within its purview pursuant to this act. (Emphasis supplied.) Section 23.069(5) provides: "All training or educational subjects which are taught, instructed, or used in any police or law enforcement schools . . . shall first be approved in writing by the police standards board." (Emphasis supplied.) Section 23.072, providing for inservice training, states in paragraph (1)(a): The board, by rules and regulations, shall prescribe curricula and standards for advanced and specialized training courses and training in addition to those prescribed in ss. 23.068 and 23.069. Moreover, s. 23.076 reads: Nothing herein shall be construed to preclude an employing agency from establishing qualifications and standards for hiring, training or promoting police officers that exceed the minimum set by the board. (Emphasis supplied.) Under the foregoing statutory provisions, particularly ss. 23.067(1), 23.069(5), and 23.076, supra, it seems reasonable and logical to conclude that police training programs and training or educational subjects to be taught or instructed, which are not exempt under the provisions of s. 23.069(8) and (9), supra, should be submitted for approval in writing by the Police Standards Board as required by s. 23.069(5). I am of the opinion that such approval will insure that the assessments authorized by s. 23.105, supra, will not be expended for unauthorized law enforcement education.